**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SCIENCE APPLICATIONS INTERNATIONAL CORP., <br><br>    Plaintiff, <br><br>  v. <br><br>THE UNITED STATES OF AMERICA, <br><br>    Defendant, <br><br>and <br><br>MICROSOFT CORPORATION, <br><br>    Defendant-Intervenor. | No. 1:17-cv-00825 <br> Senior Judge Mary Ellen Coster Williams |

**PLAINTIFF SCIENCE APPLICATIONS INTERNATIONAL CORPORATION'S
OPPOSITION TO INTERVENOR MICROSOFT CORP.'S MOTION TO STAY (D.I. 92)**

**TABLE OF CONTENTS**

I.    Introduction ........................................................................................................................ 1

II.   Factual Background ........................................................................................................... 2

III.  Legal Standard ................................................................................................................... 3

IV.  Microsoft's Motion Should Be Denied .............................................................................. 4

     A.    Microsoft's Motion is Premature and Contrary to the Case Law ........................... 4

     B.    None of the Factors Support Granting a Stay at This Stage ................................... 6

V.   Conclusion ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Automatic Mfg. Sys., Inc. v. Primera Tech., Injc.*, No. 6:12-cv-1727-Orl-37DAB,
   2013 U.S. Dist. LEXIS 67790 (M.D. Fla. May 13, 2013) ..........................................................4

*CANVS Corp. v. United States*, 118 Fed. Cl. 587 (2014) ............................................3, 4, 5, 6, 7, 8

*Cellcast Techs., LLC v. United States*, No. 15-1307C, (Fed. Cl. Mar. 22, 2017) ...........................5

*Cheetah Omni, LLC v. United States*, No. 1:11-cv-00255-FMA, D. I. 054 (Fed.
   Cl. Jun. 7, 2013) .........................................................................................................................5

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019
   U.S. Dist. LEXIS 144149 (E.D. Tex. Feb. 14, 2019) .................................................................5

*Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13-cv-04206-EJD,
   2014 U.S. Dist. LEXIS 81090 (N.D. Cal. Jun. 11, 2014) ...........................................................8

*Landis v. North Am. Co.*, 299 U.S. 248 (1936) ................................................................................4

*Lifewatch Servs., Inc. v. Medicomp, Inc.*, No. 6:09-cv-1909-Orl-31DAB, 2010
   U.S. Dist. LEXIS 36194 (M.D. Fla. Mar. 16, 2010) ..................................................................4

*Netlist, Inc. v. Smart Storage Sys., Inc. No. 13-cv-589-YGR*, 2014 U.S. Dist.
   LEXIS 116979 (N.D. Cal. Aug. 21, 2014) .............................................................................3, 6

*PersonalWeb Techs., LLC v. Google, Inc.*, No. 5:13-cv-1317-EJD, 2014 U.S.
   Dist. LEXIS 116172 (N.D. Cal. Aug. 20, 2014) ........................................................................8

*Return Mail, Inc. v. United States Postal Service*, 139 S. Ct. 1853 (2019) .....................................8

*SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 U.S. Dist. LEXIS 8044,
   2013 WL 144255 (D. Del. Jan. 11, 2013) ..................................................................................5

*Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 U.S.
   Dist. LEXIS 29572 (E.D. Tex. Mar. 11, 2015) ......................................................................5, 7

**STATUTES**

35 U.S.C. § 314(a) ...........................................................................................................................3

35 U.S.C. § 315 ......................................................................................................................1, 7, 8

35 U.S.C. § 316(e) ...........................................................................................................................3

**I.     INTRODUCTION**

Intervenor Microsoft Corp.'s ("Microsoft") Motion to Stay pending potential *inter partes* review proceedings should be denied.  No such proceedings have yet been instituted, rendering any alleged support for Microsoft's motion speculative.  Because it is unclear at this stage whether the Patent Trial and Appeal Board ("PTAB") will institute review of the patents at issue in this case, much less invalidate any of the claims thereof, Microsoft cannot meet its burden of establishing that the stay will streamline or narrow the issues in the present case.  Indeed, the Court should not even consider granting a stay unless and until the PTAB decides to actually institute the IPR proceedings for each of the asserted patents.

While the central premise of Microsoft's Motion is speculative, the harm to Plaintiff Scientific Applications International Corp. ("SAIC") caused by a stay is concrete.  This case has been pending for over two years.  SAIC and Defendant United States have engaged in extensive discovery, exchanging more than 36,000 documents, filing proposed claim constructions, and filing opening claim construction briefs.  Such discovery also involves several third-party contractors that have long been at issue in this litigation.  Microsoft, however, was first identified as relevant to this case just several months ago, recently moved to intervene, and should not be permitted to disrupt SAIC's ability to prosecute its claims by staying the case before the IPR petitions have even been granted.  The problems with Microsoft's Motion are further compounded by the fact that the Government refuses to agree to be bound by the estoppel provisions of 35 U.S.C. § 315 to streamline this litigation as Microsoft argues the IPRs may accomplish.  This position frustrates any possible "streamlining" of the issues present in this case by the grant of a stay because, regardless of whether the PTAB institutes, the Government apparently would like the freedom to re-litigate the same issues present in the IPRs through trial.  Far from streamlining the case, Microsoft's proposed stay has the potential to force SAIC to

1

litigate the same issues in two venues: before the PTAB against Microsoft and later in this Court against the Government.

Because a stay at this stage is not likely to simplify the issues to be presented at trial, especially given the Government's position, and is predicated on the mere possibility that the IPRs will be instituted and may invalidate claims, Microsoft's Motion should be denied.

## II.   FACTUAL BACKGROUND

SAIC filed the present case against the United States on June 19, 2017. (D.I. 001.) Since that date, SAIC and the United States have exchanged discovery requests and responses, including more than 36,000 produced documents among the litigating parties. On August 15, 2018, SAIC served its initial infringement claim charts on the United States. On October 12, 2018, the United States served its initial invalidity claim charts, identifying certain prior art references. On April 30, 2019, Microsoft moved to intervene shortly after being identified by the Government as a new contractor relevant to this case. (D.I. 059.) The Court granted that motion on May 5, 2019 and set forth a schedule for claim construction exchanges, briefing, and arguments. (D.I. 60.) Pursuant to that schedule, the parties filed their Joint Claim Construction Statement on June 20, 2019, took and submitted expert deposition testimony in July of 2019 (*see* D.I. 079), and submitted opening claim construction briefs on August 15, 2019 (D.I. 087). The parties' rebuttal claim construction briefs are due October 15, 2019. (*See* D.I. 060.)

On July 11, 2019, more than two years after SAIC filed this case against the United States, Microsoft filed two IPR petitions. *Microsoft Corp. v. Scientific Applications Int'l Corp.*, IPR Nos. 2019-01311, -01312 (July 22, 2019.) Microsoft filed one additional petition on July 22, 2019 and two additional petitions on July 23, 2019. *Microsoft Corp. v. Scientific Applications Int'l Corp.*, IPR No. 2019-01359 (July 23, 2019); *Microsoft Corp. v. Scientific Applications Int'l Corp.*, IPR Nos. 2019-01360, -01361 (July 23, 2019). SAIC's responses to

these IPRs are due in October and November of 2019, and the institution decisions are due between January and February 2020.

On August 13, 2019, Microsoft's counsel informed SAIC's counsel that it intended to move for a stay. Ex. 1 at 15. The parties held a meet and confer on August 14, 2019 to discuss the motion. During that meet and confer, SAIC stated that it would consider consenting to a stay pending the PTAB's institution decision if Microsoft and the Government agreed to certain conditions that would ensure the stay would actually simplify the issues in this litigation. In particular, SAIC sought an agreement that Microsoft would agree not to file any further IPR petitions and that the United States would agree to be estopped from raising the same art as that raised by Microsoft in the IPR petitions. *Id.* Neither Microsoft nor the Government would agree to these streamlining conditions. *Id.* at 6, 8. As such, SAIC informed them that it would oppose a motion to stay. *Id.* at 1. Microsoft filed its motion to stay on August 27, 2019. (D.I. 092.)

**III.   LEGAL STANDARD**

Institution of *inter partes* review by the PTAB is not automatic. 35 U.S.C. § 314(a). The party seeking *inter partes* review bears the burden of showing that there is "a reasonable likelihood that [it will] prevail with respect to at least 1 of the claims challenged in the petition." *Id.* If review is instituted, the petitioner retains the burden of "proving a proposition of unpatentability by a preponderance of the evidence." 35 U.S.C. § 316(e).

The party moving to stay proceedings based on an *inter partes* review bears the burden of proving that a stay is appropriate. *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591 (2014) (citing *Netlist, Inc. v. Smart Storage Sys., Inc. No. 13-cv-589-YGR*, 2014 U.S. Dist. LEXIS 116979, at * 1 (N.D. Cal. Aug. 21, 2014)). Such a showing must be based on more than the mere fact that a petition for *inter partes* review was filed. *Id.* (citing *Automatic Mfg. Sys., Inc. v. Primera Tech., Injc.*, No. 6:12-cv-1727-Orl-37DAB, 2013 U.S. Dist. LEXIS 67790, at * 3 (M.D.

3

Fla. May 13, 2013) (hereafter, "*Automatic Mfg. I*"); *Lifewatch Servs., Inc. v. Medicomp, Inc.*, No. 6:09-cv-1909-Orl-31DAB, 2010 U.S. Dist. LEXIS 36194, at * 1 (M.D. Fla. Mar. 16, 2010) ("[A] stay should ordinarily be denied unless there is a substantial question of patentability."). Courts considering the issue generally weigh the totality of the circumstances, including the following three factors: (1) the impact of *inter partes* review, to include whether a stay would simplify the issues in question and streamline the trial; (2) how far the litigation has progressed, taking into account whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *CANVS*, 118 Fed. Cl. at 592 (citations omitted).

## IV.   MICROSOFT'S MOTION SHOULD BE DENIED

Microsoft has not met its burden to show that the benefits of a stay outweigh the harm to SAIC, particularly given that the IPRs have not been instituted. As such, Microsoft's Motion to Stay should be denied. *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936) (holding party moving for stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.").

### A.   Microsoft's Motion is Premature and Contrary to the Case Law

Microsoft filed its IPR petitions in July of this year. SAIC has not yet even had the opportunity to respond. SAIC's intended preliminary responses, which are due in late October and early November, will point out numerous deficiencies in Microsoft's petitions. Thus, it is far from clear that Microsoft's IPRs will even be instituted, much less that Microsoft will ultimately succeed on the merits and prove that any of the claims challenged in those petitions are invalid. Thus, Microsoft has not shown that a stay at this stage will indeed have an effect on the

proceedings, much less one that simplifies the issues presented in this case. Microsoft's Motion should therefore be denied as premature.

In its Memorandum, Microsoft cites to a single case where this court granted a stay prior to institution of IPRs. (Mot. at 5 (citing *Cheetah Omni, LLC v. United States*, No. 1:11-cv-00255-FMA, D. I. 054 (Fed. Cl. Jun. 7, 2013).) But *Cheetah Omni* is distinguishable from the present case for several reasons. For example, in *Cheetah Omni*, no discovery requests had been served by any party at the time of the motion to stay. No. 1:11-cv-00255-FMA, D.I. 50 at 4 (Apr. 2, 2013). As discussed in more detail below, here, the United States and SAIC have already exchanged infringement and invalidity discovery responses and SAIC, the Government, and several third-party prime contractors have already produced more than 36,000 documents. *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 U.S. Dist. LEXIS 8044, 2013 WL 144255, at *5-6 (D. Del. Jan. 11, 2013) ("The Court and the parties have already expended significant resources on the litigation[,] . . . the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion.").

Further, *Cheetah Omni* is a case from 2013. Since then, a majority of courts, including this one, have denied motions to stay based on pre-institution IPR petitions as premature. *See, e.g.*, *CANVS*, 118 Fed. Cl. at 597; *Cellcast Techs., LLC v. United States*, No. 15-1307C, Order (Fed. Cl. Mar. 22, 2017) (*unpublished*) ("[A]s institution of review is far from certain, the Court finds this motion premature at this juncture of the case.") (citations omitted); *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 U.S. Dist. LEXIS 144149 (E.D. Tex. Feb. 14, 2019) (explaining it is "virtually pointless" to file motion to stay before institution); *Trover Grp., Inc. v. Dedicated Micros USA,* No. 2:13-CV-1047-WCB, 2015 U.S. Dist. LEXIS 29572, at *16 (E.D. Tex. Mar. 11, 2015) (Bryson, J., sitting by designation) (listing twenty-eight


cases in which courts have denied stay requests when the PTAB has not yet acted on a petition for review).

Even Microsoft's Memorandum recognizes the highly speculative nature of its arguments. Microsoft argues, for example, "*Should the petitions be instituted*, the requested review of the patents-in-suit *has the potential* to moot, or at a minimum, greatly simplify the issues in this case." (Mot. at 6 (emphasis added); *see also id.* ("First, *should review result in cancellation* of every claim in the patent-in-suit . . . . Second . . . *should only some claims be cancelled during review* . . . .) (emphasis added).) Microsoft goes on to argue that statements made by SAIC could inform how this Court should interpret terms of the asserted patents. (*Id.* at 6-7.) But, any such statements again depend on the IPRs actually being instituted and thus currently carry little weight. *See, e.g., CANVS*, 118 Fed. Cl. at 594 ("The court will not base its stay decision on speculation as to the likelihood that the [PTAB] will accept review or ultimately cancel one or more claims.") (citations omitted). Microsoft likewise acknowledged the speculative nature of IPR institution in the meet and confer process leading up to its Motion. Ex. 1 at 8 (Microsoft's counsel explaining Microsoft "does not know what the future holds, including how the PTO will respond to the currently pending IPRs.")

Consistent with the overwhelming and well-grounded precedent, Microsoft's Motion should be denied.

### B. None of the Factors Support Granting a Stay at This Stage

As discussed above, given that no Microsoft petition for IPR has been granted, it is too early to determine whether those petitions have the potential to streamline the case. The first factor – whether the stay will simplify the issues – is neutral. *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13-cv-5889-YGR, 2014 U.S. Dist. LEXIS 116979 (N.D. Cal. Aug. 21, 2014) (factor weighs "neutral" until the PTO decides whether to proceed with review).

The remaining two factors – how far the litigation has progressed and whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party – weigh heavily against granting Microsoft's motion. Microsoft argues incorrectly that this case is in its infancy. (D.I. 092 at 8.) This case has been pending for two-and-a-half years. In that time, the United States, SAIC, and other parties have engaged in significant discovery and motions' practice, including responding to written discovery requests regarding infringement and invalidity, exchanging more than 36,000 documents, and taking claim construction depositions. *CANVS*, 118 Fed. Cl. at 596 (denying pre-institution motion to stay based in part on similar state of discovery). Microsoft was identified by the Government only months ago and is just one of at least four major and separate contractors at issue. Allowing Microsoft to swoop in nearly two years after this case was filed and disrupt the progress is manifestly prejudicial to SAIC, who is entitled to its day in court. *See, e.g.*, *Trover Grp.*, WL 1069179 at * 3 (denying stay after some discovery taken but before claim construction order).

Moreover, if the Government has its way, Microsoft's request for a stay could force SAIC to expend additional resources by significantly extending the duration of the litigation with no corresponding, offsetting efficiency benefit. Specifically, if any of Microsoft's petitions are instituted and a final written decision issues, estoppel would prevent Microsoft from relying on any grounds that it raised or could have raised in the IPR proceedings. *See CANVS*, 118 Fed. Cl. at 594 (citing 35 U.S.C. § 315(e)(2)). But the United States has refused to be bound by this estoppel, wanting instead to leave the door open to relitigate the same grounds raised in Microsoft's IPRs. Ex. 1 at 6. The United States had the opportunity to seek *inter partes* review

within one year of being served with SAIC's Complaint, but chose not to do so.[1] *See* 35 U.S.C § 315(b). The United States should not now be permitted to sit idly by and use Microsoft's *inter partes* review as a proxy to preview the viability of their shared positions and SAIC's responses while SAIC continues to expend resources, then be able to re-raise the same grounds all over again in this case. *See CANVS*, 118 Fed. Cl. at 597 (noting that defendant's ability to preview the viability of petitioner's positions and plaintiff's responses put plaintiff at a tactical disadvantage). This double-dipping on invalidity puts SAIC at a clear tactical disadvantage, is prejudicial to SAIC and antithetical to the underlying purpose of *inter partes* review, and should not be allowed. *See, e.g.*, *PersonalWeb Techs., LLC v. Google, Inc.*, No. 5:13-cv-1317-EJD, 2014 U.S. Dist. LEXIS 116172, at * 5 (N.D. Cal. Aug. 20, 2014) (conditioning stay on Defendants' agreement to be bound as if it had filed the petition); *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13-cv-04206-EJD, 2014 U.S. Dist. LEXIS 81090, at *4 (N.D. Cal. Jun. 11, 2014) (same).

## V. CONCLUSION

For the foregoing reasons, SAIC respectfully requests that this Court deny Microsoft's Motion to Stay.

---

[1] Though the United States may no longer petition for *inter partes* review after the Supreme Court's decision in *Return Mail, Inc. v. United States Postal Service*, 139 S. Ct. 1853 (2019), that case was not decided until 2019, well after the one year period during which the United States *could* have petitioned for *inter partes* review in this case.

| | |
|---|---|
| Dated: September 10, 2019 | */s/ Goutam Patnaik* |
| | Goutam Patnaik |
| | Pepper Hamilton LLP (DC) |
| | 2000 K Street, N.W. |
| | Suite 600 |
| | Washington, DC 20006 |
| | Tel: (202) 220-1237 |
| | Fax: (202) 220-1465 |
| | patnaikg@pepperlaw.com |
| | |
| | Gwendolyn Tawresey |
| | Pepper Hamilton LLP (Boston) |
| | 125 High Street, High Street Tower |
| | 19th Floor |
| | Boston, MA 02110 |
| | Tel. (617) 204-5132 |
| | Fax: (617) 204-5150 |
| | tawreseg@pepperlaw.com |
| | |
| | *Counsel for Science Applications International Corp.* |

**CERTIFICATE OF SERVICE**

      I hereby certify on this Tuesday, September 10, 2019, I caused the foregoing document to be served via email on the following attorneys of record:

      Thomas Lee Halkowski
Fish & Richardson PC
1000 Main Ave., SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Email: halkowski@fr.com

      Alex Hanna
United States Department of Justice
Commercial Litigation Branch, Civil Division
Post Office Box 480
Ben Franklin Station
Washington, DC 200044
(202) 307-0343
(202) 307-0345
alex.hanna@usdoj.gov

Dated: September 10, 2019      Respectfully submitted,

      */s/ Isabella P. Downey*
Isabella P. Downey
IP Litigation Paralegal
Pepper Hamilton LLP
2000 K Street, N.W.
Suite 600
Washington, DC 20006-1865
202.220.1445
202.220.1465 (facsimile)
downeyi@pepperlaw.com