# In the United States Court of Federal Claims

| | |
|---|---|
| SCIENCE APPLICATIONS INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervenor-Defendant, <br><br> and <br><br> L3 TECHNOLOGIES, INC., <br><br> Third-Party Defendant. | No. 17-cv-00825 C <br><br> Filed Under Seal: July 26, 2021 <br><br> Publication: August 11, 2021[1] |

**ORDER**

On April 21, 2021, this Court awarded Plaintiff the reasonable costs and expenses, including attorneys' fees, associated with filing its Motion to Strike. April 21, 2021 Mem. and Order (ECF No. 172) at 21. The Court also ordered Plaintiff to submit a certified accounting of reasonable costs and expenses associated with filing its Motion to Strike, including actual invoices, with descriptions, discounted for any redundancies, and explanations regarding the reasonableness

---

[1] This Order was filed under seal with instruction to the parties to propose appropriate redactions in accordance with this Court's Protective Order (ECF No. 34). On August 9, 2021, the parties filed a "Joint Notice of Proposed Public Version of Court's Sealed Order (D.I. No. 189)" with proposed redactions. (ECF No. 193.) This public version of the Order incorporates the parties' proposed redactions.

1

of the requested hourly rates and how the Government's untimely disclosure caused Plaintiff to incur extra costs. *Id.* at 22.

In its Accounting of Reasonable Costs and Expenses (ECF No. 176), SAIC seeks to recover $87,292.08 in fees for work performed by seven Cooley LLP employees: two partners, four associates, and one paralegal. Plaintiff's Accounting (ECF No. 176) (Pl. Acct.) at 3; Declaration of DeAnna D. Allen (ECF No. 176-1) (Allen Decl.) ¶ 4. Plaintiff explains that the Government's untimely disclosure of its indefiniteness defenses primarily impacted SAIC in four ways:

(1) SAIC was forced to move to strike the Government's indefiniteness theories (■).
(2) SAIC prepared for and attended the hearing regarding its motion to strike (■).
(3) Following the hearing, SAIC provided the Court with supplemental briefing in support of its motion to strike (■).
(4) When providing substantive responses to the Government's indefiniteness theories, SAIC had to expend additional time and effort because those defenses were not timely disclosed (■).

Pl. Acct. at 2-4.

However, Plaintiff is seeking costs and fees in association with only the first three categories and has not included at least ■ in costs and fees incurred in connection with developing and disclosing definiteness theories resulting from the untimeliness of the Government's disclosures.[2] *Id.* at 2. SAIC argues its requested attorneys' fees are reasonable

---

[2] Specifically, Plaintiff is not seeking "(1) the increase in costs and fees associated with the preparation of Dr. Welch's rebuttal expert report resulting from the untimely nature of the Government's disclosure of its indefiniteness positions; (2) the increase in costs and fees associated with the preparation and attendance of expert depositions, resulting from the untimely nature of the Government's indefiniteness positions; (3) fees from Cooley associates Jim Hughes and Stephen Scaife pertaining to the Motion to Strike; (4) fees deemed redundant and removed by SAIC; (5) co-counsel Troutman Pepper's fees related to the [M]otion to [S]trike; (6) . . . a request for fees associated with preparation of this Accounting; and (7) all costs associated with preparation of the Motion to Strike, for the hearing regarding the Motion to Strike, and supplemental briefing related thereto. SAIC is further reduc[ed] the amount requested by [its] Accounting by reducing the fees for the second round of briefing (i.e., supplemental briefing on the Court's authority to award costs and fees) by 30%." Allen Decl. ¶ 20.

2

given its attorneys' skill, experience, reputation, location in Washington, D.C., and in view of the complexity of this case and the compressed schedule under which SAIC was forced to operate to respond to the Government's late-disclosed indefiniteness positions. Pl. Acct. at 3, 6-10.

The requested fees are reflected as follows:

Motion to Strike (ECF No. 74)

| Timekeeper Name | Status | Hours Sought | SAIC Rate | SAIC Fees |
|---|---|---|---|---|
| DeAnna D. Allen | Partner | ███ | ███ | ███ |
| Erin M. Estevez | Associate | ███ | ███ | ███ |
| Mark A. Zambarda | Associate | ███ | ███ | ███ |
| Dawn Renee Roelofs | Paralegal | ███ | ███ | ███ |

*Subtotal after* ███████████: SAIC: $███

Prepared for and Attended Hearing Regarding Motion to Strike

| Timekeeper Name | Status | Hours Sought | SAIC Rate | SAIC Fees |
|---|---|---|---|---|
| DeAnna D. Allen | Partner | ███ | ███ | ███ |
| Stephen R. Smith | Partner | ███ | ███ | ███ |
| Stephen C. Crenshaw | Associate | ███ | ███ | ███ |

*Subtotal after* ███████████: SAIC: ███

Supplemental Briefing in Support of the Motion to Strike (ECF No. 144)

| Timekeeper Name | Status | Hours Sought | SAIC Rate | SAIC Fees |
|---|---|---|---|---|
| DeAnna D. Allen | Partner | ███ | ███ | ███ |
| Stephen R. Smith | Partner | ███ | ███ | ███ |
| Stephen C. Crenshaw | Associate | ███ | ███ | ███ |
| Alissa Wood | Associate | ███ | ███ | ███ |

| Dawn Renee Roelofs | Paralegal | ███ | ███ | ███ |
|---|---|---|---|---|
| Subtotal after ███████████: SAIC: ██████ | | | | |
| Subtotal after 30% discount: SAIC: ██████ | | | | |

Pl. Acct. Ex. 2 (ECF No. 176-3).

Plaintiff supports its accounting with a sworn declaration by Ms. Allen and a copy of the relevant invoices and accounting records. Plaintiff also relies on (1) the American Intellectual Property Association's (AIPLA's) biannual survey published in 2019 pertaining to the year 2018 and (2) the National Law Journal Report from 2017 to corroborate the reasonableness of its rates. Pl. Acct. at 6-7.

Appropriate fees are calculated using the lodestar method by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *See Large Audience Display Sys., LLC v. Tennman Prods., LLC*, 660 F. App'x 966, 972-73 (Fed. Cir. 2016).

The Government does not contest the hours alleged and accepts the amount of time billed by Plaintiff. Defendant's Response (ECF No. 178) (Def. Resp.) at 4. The Court also finds that the alleged hours billed appear to be reasonable.

The only item in dispute is whether SAIC's hourly rates for attorneys and its paralegal are reasonable. This Court has broad discretion in determining whether attorneys' fees are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is 'reasonable.'"); *Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012); *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The fee applicant bears the burden of proving a reasonable hourly rate "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11; *see also Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). For purposes of

this action, the rate should be based on the forum of the District of Columbia, one of the most expensive legal markets in the country.

"Although a court may look to other factors to determine a reasonable rate, a firm's normal and customary rates are the best evidence that 'the rate is comparable to the market rate.'" Plaintiff's Reply (ECF No. 184) (Pl. Reply) at 2 (citing *Perfect 10, Inc. v. Giganews, Inc.*, No. cv-11-07098, 2015 WL 1746484, at *5 (C.D. Cal. Mar. 24, 2015); *VR Optics, LLC v. Peloton Interactive, Inc.*, No. 16-cv-6392, 2021 WL 1198930, at *5 (S.D.N.Y. Mar. 30, 2021)). "Where, as here, attorney and client have agreed on the time to be spent and the rates to be charged, the market has spoken and there is no reason for the court to reverse engineer the process." *Fla. Rock Indus., Inc. v. United States*, 9 Cl. Ct. 285, 290 (1985).

Plaintiff provided a sworn declaration from Ms. Allen averring that the requested costs and fees are reasonable and are in line with the customary rates charged by Cooley LLP to its clients. *See generally* Allen Decl. Moreover, Plaintiff has provided its actual bills. Allen Decl. ¶¶ 25-26; Allen Decl. Ex. 4 (ECF No. 176-5) at 11, 13, 16, 21-23, 30-35, 38-39, 43-46.[3] Plaintiff has taken a conservative approach when calculating costs and attorneys' fees; it excluded all costs not directly related to the Motion to Strike, hearing, and supplemental briefing, and additionally reduced potentially duplicative entries. Pl. Acct. at 7-9; Allen Decl. ¶ 20.

Defendant takes issue with the requested rates because they exceed those listed in the AIPLA economic survey data for similarly situated private intellectual property attorneys in Washington, D.C. Def. Resp. at 3-4. The Government argues that although Plaintiff is correct that intellectual property is a specialized area, the AIPLA itself reflects intellectual property-specific hourly rates and therefore already takes this into account. *Id.* at 4.

---

[3] These citations refer to the CM/ECF page numbers located in the heading of each page.

Relying on *FastShip, LLC v. United States*, 153 Fed. Cl. 215 (2021), the Government also contends that the Motion to Strike failed on the merits, and, therefore, "SAIC's many counsel should not be credited with significantly higher than prevailing IP-specific median, Washington, DC rates for drafting a motion denied on the specific relief its client sought[.]" Def. Resp. at 7.

Further, the Government notes the AIPLA survey does not contain information regarding paralegals and support staff and therefore argues that paralegal fees should be denied for lack of proof that such fees are reasonable. *Id.* at 7-8. In the alternative, the Government recommends the approach in *FastShip* to reduce the proposed paralegal hourly rate to $175. *See FastShip*, 153 Fed. Cl. at 230-31 (applying Laffey Matrix 2019 figures as a starting point and adjusting upward from $166 to $175 due to the technical nature of the litigation and experience of the staff).

The Government's requested fees are reflected below under a rate Defendant has determined to be reasonable. SAIC's requested and invoiced fees are also included for reference:

Motion to Strike (ECF No. 74)

| Timekeeper Name | Status | Hours Sought | SAIC Rate | SAIC Fees | Reasonable Rate | Reasonable Fees |
|---|---|---|---|---|---|---|
| DeAnna D. Allen | Partner | ■ | ■ | ■ | $700.00 | ■ |
| Erin M. Estevez | Associate | ■ | ■ | ■ | $400.00 | ■ |
| Mark A. Zambarda | Associate | ■ | ■ | ■ | $400.00 | ■ |
| Dawn Renee Roelofs | Paralegal | ■ | ■ | ■ | $0 Or $175.00 | ■ |

Subtotal after ■: SAIC: ■ / Government's "Reasonable" Fees: ■

Hearing

| Timekeeper Name | Status | Hours Sought | SAIC Rate | SAIC Fees | Reasonable Rate | Reasonable Fees |
|---|---|---|---|---|---|---|
| Stephen R. Smith | Partner | ■ | ■ | ■ | $700.00 | ■ |

6

| Timekeeper Name | Status | Hours Sought | SAIC Rate | SAIC Fees | Reasonable Rate | Reasonable Fees |
|---|---|---|---|---|---|---|
| DeAnna D. Allen | Partner | ■ | ■ | ■ | $700.00 | ■ |
| Stephen C. Crenshaw | Associate | ■ | ■ | ■ | $400.00 | ■ |

Subtotal after ■ : SAIC: ■ / Government's "Reasonable" Fees: ■

Supplemental Briefing (ECF No. 144)

| Timekeeper Name | Status | Hours Sought | SAIC Rate | SAIC Fees | Reasonable Rate | Reasonable Fees |
|---|---|---|---|---|---|---|
| Stephen R. Smith | Partner | ■ | ■ | ■ | $700.00 | ■ |
| DeAnna D. Allen | Partner | ■ | ■ | ■ | $700.00 | ■ |
| Stephen C. Crenshaw | Associate | ■ | ■ | ■ | $400.00 | ■ |
| Alissa Wood | Associate | ■ | ■ | ■ | $400.00 | ■ |
| Dawn Renee Roelofs | Paralegal | ■ | ■ | ■ | $0 or $175.00 | ■ |

Subtotal after ■ SAIC: ■ / Government's "Reasonable" Fees: ■

Subtotal after 30% discount: SAIC: ■ / Government's "Reasonable" Fees: ■

Def. Resp. at 9-10.

    The Court finds the Government's arguments to be unavailing. Although SAIC counsel's rates are higher than those listed in the AIPLA survey and the National Law Journal Billing Report from 2017, its rates are still justified in view of the length and complexity of this litigation, the specialized knowledge and expertise in patent law required by counsel in this action, and the substantial damages that are potentially at issue in this suit. This case involves complex subject matter, cutting-edge technology, and relates to several high-value contracts with the United States totaling billions of dollars. *See e.g.*, June 1, 2021 Letter, Case No. 17-cv-00825: Motion to Compel Government to Produce Documents under Court of Fed. Cl. R. 26 and 34 (ECF No. 179) at 2 (referencing a March 25, 2021 agreement between the Government and Microsoft under which the

Government agreed to pay $21.9 billion in exchange for 120,000 IVAS HUD devices); Pl. Opening Claim Construction Brief (ECF No 90) at 5-6 (referencing "contract awards to BAE Systems and DRS Technologies for not to exceed values of $444.8 million and $367 million, respectively," and "a May 16, 2018 contract award to L3 Technologies, Inc. worth up to nearly $400 million, and a November 20, 2018 other transaction agreement with Microsoft worth up to nearly $500 million"); *see also* Defendant's Objections and Second Supplemental Responses to Plaintiff's Second Set of Interrogatories (7-9) (ECF 179-2) (SEALED) at 17-29 (listing agreements, sums paid, and units purchased). Again, SAIC's requested rates are supported by actual invoices demonstrating that these amounts are SAIC's counsel's normal and customary rates. For these same reasons, the Court also finds Ms. Roelofs's hourly rate as a paralegal to be reasonable.

Lastly, Defendant's reliance on *FastShip* to request a reduction of the fee award is inapposite. While the Court opted not to take the drastic action of striking Defendant's defenses, Plaintiff prevailed on the merits of its Motion to Strike by successfully demonstrating the Government's discovery violation. *See* April 21, 2021 Mem. and Order at 22.

Accordingly, consistent with this Court's April 21, 2021 Memorandum and Order, this Court finds Plaintiff's $87,292.08 in requested fees to be reasonable and so awards that amount to SAIC. The Government shall make payment to SAIC by September 8, 2021. If additional time is needed to comply with this Order, Defendant may request an extension.

IT IS SO ORDERED.

    s/Eleni M. Roumel
    ELENI M. ROUMEL
    Judge